UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIO AGUSTIN DALRIMPLE-
GRANDILLO,

              Petitioner,

     v.

WARDEN, GOLDEN STATE ANNEX et
al.,

              Respondents.

No.  1:26-cv-03230-DAD-SCR (HC)

ORDER GRANTING THE PETITION FOR
WRIT OF *HABEAS CORPUS* AND DENYING
THE MOTION FOR TEMPORARY
RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 3)

On April 28, 2026, petitioner Julio Agustin Dalrimple-Grandillo, A-File No. 240-815-619, proceeding through counsel, filed a petition for writ of *habeas corpus* challenging his detention by United States Immigration and Customs Enforcement and a motion for temporary restraining order seeking his immediate release.  (Doc. Nos. 1, 3.)  On the same day, the court issued an order directing respondents to substantively distinguish this case from the circumstances addressed in several of the court's prior orders.  (Doc. No. 4.)  In that same order, the court indicated that if it was determined that petitioner was entitled to the relief sought in the motion for temporary restraining order, then the court would directly rule on the merits of the underlying petition, and directed respondents to state whether and why respondents would oppose such action from the court.  (*Id.*)

/////

1

On April 29, 2026, respondents filed a combined opposition to the motion for temporary restraining order and motion to dismiss the petition. (Doc. No. 8.) Respondents' sole argument therein is that petitioner is an "applicant for admission" subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) (*id.* at 1–2), an argument that the undersigned has previously rejected on several occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389 (E.D. Cal. Feb. 12, 2026). Respondents have also indicated that "there does not appear to be any substantive factual or legal issues in this case that materially distinguish it from the cases identified in the Order" issued on April 28, 2026. (Doc. No. 8 at 2.) Finally, respondents have requested the court to "resolve the underlying habeas petition on the current briefing and without a hearing." (*Id.*)

Petitioner is a native and citizen of Venezuela who entered the United States on or about May 8, 2022. (Doc. No. 1 at ¶¶ 1, 3.) After being briefly detained by immigration officials, petitioner was paroled into the United States pursuant to § 212(d)(5) of the Immigration and Nationality Act, which corresponds to 8 U.S.C. § 1185(d)(5) (Doc. No. 1-1 at 2). *See Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *3 n.2 (E.D. Cal. Dec. 9, 2025). Petitioner alleges that he remained fully compliant with all of the conditions of his parole and appeared as required for all appointments with immigration officials. (Doc. No. 1 at ¶¶ 27–28.) On or about April 26, 2026, petitioner was detained by immigration officials at a routine check-in appointment, without any prior notice or explanation of his re-detention. (*Id.* at ¶¶ 30–31.) There is no indication that petitioner has received a hearing before a neutral adjudicator regarding his re-detention since the government took him back into custody.

Having considered the circumstances surrounding petitioner's re-detention and the parties' arguments, the court adopts the reasoning set forth in *Chavarria* and concludes that petitioner obtained a liberty interest in his continued release from respondents' custody once he was released into this country on parole and that petitioner's continued detention without notice and a hearing is unlawful.

/////

/////

2

For the reasons explained above,

1.      Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

     a.      Respondents are ORDERED to immediately release petitioner Julio Agustin Dalrimple-Grandillo, A-File No. 240-815-619, from respondents' custody;

     b.      Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a flight risk or danger by clear and convincing evidence.

2.      Petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by the granting of the petition for writ of *habeas corpus*;

3.      Respondents' motion to dismiss (Doc. No. 8) is DENIED;

4.      Under the circumstances of the case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure;

5.      The Clerk of the Court is directed to serve the Golden State Annex Detention Facility with a copy of this order; and

6.      The Clerk of the Court is directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **April 29, 2026**    _____
                               DALE A. DROZD
                               UNITED STATES DISTRICT JUDGE